IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS
22ND JUDICIAL DIVISION
STATE OF MISSOURI

| | |
|---|---|
| Marie K. Bacon | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1122-AC14708 |
| | ) |
| American Coradius International, LLC | ) |
| | ) |
| Serve at: | ) |
| CSC-Lawyers Incorporating Service Co. | ) |
| 221 Bolivar Street | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

### PETITION

COMES NOW, Plaintiff, Marie K. Bacon, and for her Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k(d). Venue is appropriate in this Court because Defendant aimed its collection activity and committed the violations of the FDCPA described herein at and in the City of St. Louis, Missouri.

### PARTIES

3. Plaintiff is a natural person currently residing in the City of St. Louis, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

4. The alleged debt Plaintiff owes that is relevant to this litigation arises out of consumer, family, and household purchases Plaintiff made using her Chase Bank consumer credit card. Plaintiff has been unable to ascertain the validity of the debt.

1

5.  Defendant is a foreign corporation with its principal place of business in Amherst, NY. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

6.  Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

7.  Beginning in or about April, 2010, Defendant began to undertake collection activity against Plaintiff on the alleged consumer debt that included collection letters and numerous telephone calls to Plaintiff's residence telephone ending in 0141.

8.  In April, 2010 Defendant began to send collection correspondence to Plaintiff that indicated that Equable Ascent Financial, LLC had purchased her Chase Debt. The letters continued through 2010.

9.  In the letters, Defendant indicated that "American Coradius International LLC" was the sole entity with authority to set terms of settlement for the account and implied that Plaintiff was in fact indebted to American Coradius International LLC.

10. In fact, Plaintiff was never indebted to American Coradius International LLC and the collection letters indicating otherwise were deceptive and confusing.

11. In response to these letters, Plaintiff sent at least two "cease and desist" letters to Defendant where Plaintiff asked Defendant to cease all collection activity.

12. Nonetheless, Defendant continued its collection activity in the form of extremely frequent telephone calls to Plaintiff's residence that occurred continuously from approximately April of 2010 through July of 2011.

13. Defendant would call Plaintiff multiple times per day and would let the phone ring incessantly if the message machine was not activated.

14. When the message machine was activated, Defendant would leave cryptic messages that failed to identify Defendant as a debt collector and failed to provide any meaningful identification information for Defendant.

15. Upon information and belief, Defendant has used numerous of its outbound numbers to call Plaintiff's residence phone.

16. Defendant has, to the best of Plaintiff's knowledge, also made telephone contact with Plaintiff's mother, a third party not obligated to pay the debt, about the alleged debt for the purpose of harassing and intimidating Plaintiff.

17. Defendant's above described conduct caused Plaintiff to suffer actual loss in the form of distress and anxiety.

### COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

19. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

   a. Failing to provide, during a collection communication, meaningful disclosure of its identity and failing to provide disclosure that it was a bill collector attempting to collect a debt. 15 U.S.C. § 1692d,e.

   b. Causing a telephone to ring repeatedly with the intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d.

   c. Engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff, including but not limited to contacting third parties about the debt and continuing collection activity after receiving a cease and desist letter. 15 U.S.C. § 1692c,d,f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. Judgment that Defendant's conduct violated the FDCPA;

**3**

B.Actual damages;

C.Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

D.For such other relief as the Court may deem just and proper.

EASON & VOYTAS, LLC

_____
RICHARD A. VOYTAS, JR. #52046
JAMES W. EASON, #57112
Eason & Voytas, LLC
1141 South Seventh Street
St. Louis, Missouri 63104
Phone: (314) 304-9444
Fax:   (314) 667-3161

4